**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BTF IP HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELEVEN LABS INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Civil Action No.<br><br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

BTF IP Holdings LLC brings this action against Eleven Labs Inc. for infringement of U.S. Patent No. 11,521,593 ("the '593 Patent" or "Patent-in-suit").

## THE PARTIES

1. BTF IP Holdings LLC ("BTF" or "Plaintiff") is a Texas limited liability company with its business address at 5900 Balcones Drive, Suite 100, Austin, TX 78731.

2. On information and belief, Eleven Labs Inc. ("Eleven Labs" or "Defendant") is a Delaware corporation with its principal place of business at 169 Madison Ave #2484, New York, NY 10016. On information and belief, Eleven Labs was founded in 2022 by Piotr Dąbkowski and Mateusz Staniszewski. On information and belief, Eleven Labs has been developing, marketing, using, selling, and offering to sell the services of a voice generation platform ("VGP" or the "Accused Service") that transforms text into lifelike speech and allows creators, businesses, and developers to generate human-like voices for videos, podcasts, audiobooks, games, and customer interactions.[1] The Accused Service, without authorization, practices one or more of the claimed

---

[1] https://en-elevenlabs.com/.

inventions of the Patent-in-suit, and Eleven Labs introduces this service into the stream of commerce knowing that it will be sold and/or used in this District and elsewhere in the United States.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Eleven Labs due at least to Eleven Labs locating its headquarters, a regular and established place of business, in this District. Moreover, Eleven Labs has purposefully and voluntarily availed itself of the privileges of conducting business in the United States, in New York, and in this District by placing its services into the stream of commerce with the expectation that they will be purchased by customers in this District. In New York and in this District, Eleven Labs distributes, markets, uses, sells, or offers to sell the Accused Service to customers. These activities by Eleven Labs constitute acts of patent infringement, contributory infringement, and/or to induce acts of patent infringement within this District.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

## THE PATENT-IN-SUIT

6. The ’593 Patent, entitled METHOD OF EMBODYING ONLINE MEDIA SERVICE HAVING MULTIPLE VOICE SYSTEMS, was duly and legally issued on December 6, 2022. Attached as Exhibit A is a true and correct copy of the ’593 Patent.

7. Plaintiff is the assignee of the entire right, title, and interest in the Patent-in-suit.

8. The Patent-in-suit discloses methods of converting online content from media sites into speech using the voice of a specific person. The voice may be of a subscriber or may be selected from voices that are pre-stored in a database. In addition, the Patent-in-suit discloses that

the voice can be converted into a language of a selected country.

9. Using the patented invention, online content may be output as speech using the voice of the specific person and with background sounds while it is displayed on a screen of a personal terminal.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 11,521,593

10. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-9 above.

11. Plaintiff is the current assignee of the ’593 Patent and has all substantial rights to enforce the ’593 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

12. The ’593 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, Defendant has been and is currently infringing, directly or indirectly, one or more claims of the ’593 Patent in this District and elsewhere in New York and the United States by making, using, selling, offering to sell, and by actively inducing others (including at least Defendant's subsidiaries, distributors, affiliates, retailers, customers and/or consumers) to make, use, sell, and/or offer to sell the Accused Service that incorporates the inventions of the ’593 Patent, and further by making, selling, or offering to sell components material to performing the Accused Service (and of which said material components are especially made or especially adapted for use in infringing the ’593 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use), in violation of 35 U.S.C. § 271.

14. The Accused Service includes each and every limitation of at least claim 1 of the ’593 Patent. Claim 1 of the ’593 Patent recites:

[1.0] A method of embodying an online media service having a multiple voice system, the method comprising:

[1.1] a first operation of [1.1.1] collecting preset online articles and content from a specific media site and [1.1.2] displaying the online articles and content on a screen of a personal terminal;

[1.2] a second operation of inputting a voice of a subscriber or setting a voice of a specific person among voices that are pre-stored in a database, wherein

> [1.2.1] the subscriber includes an individual subscriber or a third party whose voice is approved to be used by the subscriber, and
>
> [1.2.2] the voice is converted into a language of a selected country and is capable of being input and output;

[1.3] a third operation of recognizing and classifying the online articles and content;

[1.4] a fourth operation of converting the classified online articles and content into speech; and

[1.5] a fifth operation of outputting the speech obtained in the fourth operation using the voice of the subscriber or the specific person, which is set in the second operation;

wherein the second operation further comprises:

> [1.2.3] pre-storing the voice of the specific person in an online store for each field;
>
> [1.2.4] purchasing the voice of the specific person according to selection of the subscriber; and
>
> [1.2.5] directly registering and selling the voice of the subscriber in the online store; and

wherein the fifth operation further comprises:

> [1.5.1] selecting one or more of the online articles and content for all online articles and content;
>
> [1.5.2] selecting different types of background sounds according to different sections of the online articles and content; and

> [1.5.3] outputting the selected one or more of the online articles and content using the voice of the subscriber together with the selected different types of background sounds.

15. To the extent the preamble [1.0] constitutes a limitation, the Accused Service is an online media service having a multiple voice system. For example, Eleven Labs' voice generation platform provides voice infrastructure (text-to-speech, speech-to-text, voice cloning, conversational agents, and generative audio) through a REST API with official Python and TypeScript SDKs, and through a web application for no-code use.




Ex. B (https://elevenlabs.io/docs/overview/intro).

16. In addition, the VGP "transfers text into lifelike speech with stunning realism" and "allows creators, businesses, and developers to generate human-like voices for videos, podcasts, audiobooks, games, and customer interactions."




Ex. C (https://en-elevenlabs.com/).

17. The VGP [1.1.1] collects preset online articles and content from a specific media site and [1.1.2] displays the online articles and content on a screen of a personal terminal. For example, the VGP collects an article or content from a specific media site by importing a URL:




Ex. D (https://elevenlabs.io/app/studio).

18. The VGP displays the collected content on the screen of a personal terminal:




Ex. E (https://elevenlabs.io/app/studio).

19. The VGP [1.2] inputs the voice of a subscriber or sets a voice of a specific person among voices that are pre-stored in a database, wherein [1.2.1] the subscriber includes an individual subscriber or a third party whose voice is approved to be used by the subscriber, and [1.2.2] the voice is converted into a language of a selected country and is capable of being input and output. For example, the VGP inputs the voice of a subscriber through the platform's voice cloning options:




Ex. F (https://elevenlabs.io/app/voice-library).

20. Alternatively, the VGP sets a voice of a specific person among voices that are pre-stored in a database:




Ex. G (https://elevenlabs.io/app/studio).

21. The inputted voice of a subscriber includes the recorded voice of an individual subscriber or a third party whose voice is approved to be used by the subscriber.




Ex. F (https://elevenlabs.io/app/voice-library).




Ex. H (https://elevenlabs.io/app/voice-library).

22. The voice is converted into a language of a selected country and is capable of being input and output. For example, the VGP "translates audio and video across 90+ languages while preserving the emotion, timing, tone and unique characteristics of each speaker."




Ex. I (https://elevenlabs.io/docs/overview/capabilities/dubbing).

23. The VGP allows uploaded or inputted content to be converted into a different language:




Ex. J (https://elevenlabs.io/docs/eleven-creative/products/dubbing).

24. The VGP outputs the converted voice into an audio file that may be also used as input for other content:




Ex. K (https://elevenlabs.io/docs/eleven-creative/products/dubbing).

25. The VGP [1.3] recognizes and classifies online articles and content. For example, The VGP recognizes online articles and classifies them differently than other content such as advertisements and sidebars. The VGP identifies the different content at a uniform resource locator address (in this example, https://marshallnewsmessenger.com/2026/05/17/a-place-to-gather-cafe-mojo-brings-elysian-fields-community-together-one-sip-at-a-time/):




Ex. L (https://marshallnewsmessenger.com/2026/05/17/a-place-to-gather-cafe-mojo-brings-elysian-fields-community-together-one-sip-at-a-time/). The VGP ignores advertisements and sidebars, and uploads only the content from the URL it has classified as the online article:




Ex. E (https://elevenlabs.io/app/studio).

26. The VGP [1.4] converts classified online articles and content into speech. For example, "[t]he **Generate** button will generate audio if you have not yet generated audio for the selected text, or will generate new audio if you have already generated audio. This will cost credits."




Ex M (https://elevenlabs.io/docs/eleven-creative/products/studio#generateregenerate).

27. Alternatively, the VGP directly converts online articles and content into speech by directly pasting selected text from the online article or content into the input box on the Text to Speech page and clicking the 'Generate' button:




Ex. N (https://elevenlabs.io/docs/eleven-creative/playground/text-to-speech).

28. The VGP [1.5] outputs the speech obtained in the fourth operation using the voice of the subscriber or the specific person, which is set in the second operation. For example, the VGP inputs the voice of a subscriber or the specific person by cloning the voice from audio files or recordings.




Ex. F (https://elevenlabs.io/app/voice-library).




Ex. O (https://elevenlabs.io/app/voice-library).




Ex. P (https://elevenlabs.io/app/voice-library).

29. The VGP uses the voice of the subscriber to convert classified online articles and content into speech. For example, the voice of the subscriber is used to convert the online article from https://marshallnewsmessenger.com/2026/05/17/a-place-to-gather-cafe-mojo-brings-elysian-fields-community-together-one-sip-at-a-time/ described above:




Ex. Q (https://elevenlabs.io/app/studio).

30. The VGP outputs the speech into a file, for example an audio file:




Ex. R (https://elevenlabs.io/app/studio).

31. The VGP [1.2.3] pre-stores the voice of the specific person in an online store for each field; [1.2.4] purchases the voice of the specific person according to selection of the subscriber; and [1.2.5] directly registers and sells the voice of the subscriber in the online store. For example, the VGP purchases the voice of the specific person according to the selection of the subscriber. Selection of a paid subscription plan also purchases the option to input the voice of a subscriber or a specific person by cloning the voice from audio files or recordings. *See* ¶¶ 28 – 30, above.




Ex. S (https://elevenlabs.io/app/subscription/creative).

32. The VGP pre-stores the voice of the specific person in an online store for each field by sharing the voice externally and publishing it to the Voice Library (an online store), through which the voice of the subscriber is directly registered and sold:




Ex. T (https://elevenlabs.io/app/voice-lab).




Ex. U (https://elevenlabs.io/app/voice-lab).

33. The VGP [1.5.1] selects one or more of the online articles and content for all online articles and content; [1.5.2] selects different types of background sounds according to different sections of the online articles and content; and [1.5.3] outputs the selected one or more of the online articles and content using the voice of the subscriber together with the selected different types of background sounds. For example, the VGP collects one or more articles or specific content from a specific media site or media sites. *See* ¶¶ 17 – 18, above.

34. The VGP selects different types of background sounds according to different sections of the online articles and content. Selected background sounds are added to the timeline:




Ex. V ([https://elevenlabs.io/app/studio](https://elevenlabs.io/app/studio)).




Ex. W (https://elevenlabs.io/app/studio).

35. The VGP outputs the selected one or more of the online articles and content using the voice of the subscriber together with the selected different types of background sounds:




Ex. X (https://elevenlabs.io/app/studio).

36. Defendant was notified by Plaintiff that Defendant's activities infringed the '593 Patent at least as early as July 2026. Defendant's infringement has been, and continues to be knowing, intentional, and willful. Moreover, Defendant has knowingly and intentionally induced others, including its subsidiaries, distributors, affiliates, retailers, customers and/or consumers, to directly infringe by making, using, selling, and/or offering to sell in the United States the Accused Service that infringes one or more claims of the '593 Patent. Defendant has also contributorily infringed and continues to contributorily infringe the '593 Patent by selling and/or offering to sell a system (and components thereof) that performs the Accused Service, which constitutes a material part of the patented invention, knowing that the system that performs the Accused Service is especially made or adapted for use in infringing the '593 Patent and is not a staple

article or commodity of commerce suitable for substantial non-infringing use.

37. Defendant's acts of infringement of the '593 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

38. Defendant's acts of infringement of the '593 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm, for which there is no adequate remedy at law unless this Court enjoins such infringing activities pursuant to 35 U.S.C. § 283.

39. This case is exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, BTF respectfully requests the following:

A. A judgment that Defendant has infringed one or more claims of the Patent-in-suit;

B. A judgment awarding BTF damages resulting from Defendant's infringement of the Patent-in-suit;

C. A judgment that Defendant has willfully infringed the Patent-in-suit;

D. A judgment that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

E. A permanent injunction preventing Defendant, its officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the foregoing, from infringing the Patent-in-suit;

F. A judgment requiring Defendant to pay BTF's costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patent-in-suit;

G. A judgment finding that this is an exceptional case and awarding BTF its

reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: September 1, 2026

*/s/ Douglas E. Chin*

Douglas E. Chin
doug.chin@hsuanyeh.com
**HSUANYEH LAW GROUP, PC**
One McKinley Square
Boston, MA 02109
Telephone: (617) 886-9088

**ATTORNEY FOR PLAINTIFF
BTF IP HOLDINGS LLC**